UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAFAEL IGNACIO GUERRERO, *et. al.*, <br><br> Defendants. | Case No. 1:12-cr-00020-BLW <br><br> **ORDER** |

The Court has before it Defendant's Motion to Reconsider Motion to Continue Trial (Dkt. 201). Defense counsel explains that he has not discussed the case in detail with the defendant because up until a week ago, the defendant had indicated he would hire new counsel. The relationship with the other attorney apparently fell through. Accordingly, current counsel must investigate and prepare for trial. The motion is unopposed.

Under all these circumstances, the Court finds that a continuance is needed to give defense counsel an opportunity to provide an effective defense. However, in the future, counsel must attempt to work out representation issues more than a few weeks before trial. Counsel may seek Court assistance if necessary. Regardless, a continuance is needed in this case, and it is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), which authorizes a finding of excludable time when the refusal to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ." Under

these circumstances, the interests of justice in allowing the defense time for effective preparation outweighs the defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court finds that the period of time between the present trial date and the new trial date is excludable time under the Speedy Trial Act.

The co-defendants have not specifically moved for a continuance, but they do not oppose the motion. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(6), excludable time exists for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." No motion for severance has been filed. Accordingly, pursuant to 18 U.S.C. § 3161(h)(6), the Court finds that the excludable time found for the defendant moving for a continuance also applies to the co-defendants. Thus, the co-defendants will have trial moved as well. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Continue Trial (Dkt. 201) shall be, and the same is hereby GRANTED, and that the present trial date be VACATED, and that a new trial be set for **December 10, 2012 at 1:30 p.m.** in the U.S. Courthouse in Pocatello, Idaho.

IT IS FURTHER ORDERED that the period of time between the prior trial date and the new trial date be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) & (B).

IT IS FURTHER ORDERED that the current trial readiness conference be VACATED, and that a new trial readiness conference be conducted by telephone on

**November 28, 2012 at 4:00 p.m.** The Government shall place the call to (208) 334-9145 with opposing counsel on the line.

    IT IS FURTHER ORDERED that all pretrial motions shall be filed on or before **November 12, 2012**.

DATED: **October 22, 2012**

B. LYNN WINMILL
Chief U.S. District Court Judge